THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FROILÁN TRINIDAD FERNÁNDEZ, k/a EL ITALIANO, Defendant and Appellant.

No. CR-66-291.      Decided January 31, 1967.

*José Rafael Gelpí* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda de Escudero, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed three informations against appellant for violations of § 4 of Act No. 220 of May 15, 1948 (*Bolita* Act).

At the trial, although appellant pleaded not guilty, for the purpose of challenging the sufficiency of the informations he admitted in open court, personally and through his attorney, the facts alleged in the informations. He was found guilty and ordered to serve concurrently one year in jail in each case.

On appeal he alleges, as the sole reason for the reversal of the judgments, that the informations did not state facts constituting an offense.

It was charged in the informations that on the days of July 19 and 27 and August 3, 1964, he "illegally, voluntarily, maliciously, and criminally had in his possession and control material related to the unlawful game of *bolita*."

Section 4 of the *Bolita* Act[1] which it is alleged appellant violated provides in its pertinent part:

"Any person caught carrying or transporting or who has in his possession for any reason any *papeleta, billete*, ticket, notebook, list of numbers or letters, slips, or implements which can be used for the unlawful games of *'bolita', 'bolipool'*, combinations connected with the 'pools' or *bancas* of the race tracks of Puerto Rico, and clandestine lotteries, and any person who possesses, sells, or in any way transports these or any other similar ones which may be utilized or used in said unlawful games or connected with the practice thereof, shall be guilty of a public offense and shall be immediately arrested and the case shall be brought without delay before the prosecuting attorney having jurisdiction on the matter, who shall file the proper information."

Although in charging an offense the information need not use the exact words of the law, it should, however, contain a statement of the facts constituting the offense charged. Rule 35 of the Rules of Criminal Procedure.

For the purpose of giving a reasonable construction to said § 4 and save its constitutionality we decided in *People* v. *Mantilla*, 71 P.R.R. 35 (1950), expressly reaffirming what we had said in the case of *People* v. *De Jesús*, 70 P.R.R. 36 (1949), that the conjunction "or" should be read as "and" in order that the possession of material specified in the law which material is susceptible of innocent use shall not under said section constitute an offense if furthermore said mate-

---

[1] 33 L.P.R.A. § 1250.

rial was not connected with the practice of illegal games mentioned therein. Therefore, the information charging the violation of § 4 should allege that the material in the possession of defendant *can be utilized or used* in said unlawful games as well as if said material was connected with the practice thereof. In other words, the information must contain the allegation that the material could be utilized or used in the unlawful games of *bolita, bolipool,* etc., and that said material is connected with the practice of said unlawful games.

■ Although it is not necessary, yet convenient, to describe the material in the information—*People* v. *Mantilla, supra*—the same should contain the allegations we set forth in the preceding paragraph. The informations filed against appellant in this case only charge the possession and control of *"material* related to the *unlawful game of the bolita."* Admitting that the word "relation" means "having connection" it is not even alleged that that relation is with the practice of the unlawful game of *bolita.* And as we have seen it is not alleged either in the informations that the material in appellant's possession *may be* utilized or *used* in the unlawful game of *bolita.*

The informations having failed to charge the commission of the offense prescribed in § 4 of the *Bolita* Act, the judgments appealed from will be reversed.